Jimmy Lee CLINE, Petitioner—
Appellant,

v.

Anthony C. NEWLAND, Warden;
Attorney General, Respondents—
Appellees.

No. 02–15508.
D.C. No. CV–99–00671–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2003.*

Decided July 24, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before GRABER, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

California state prisoner Jimmy Lee Cline appeals pro se from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging his state court convictions for murder (Cal.Penal Code § 187), kidnapping (Cal.Penal Code § 207(a)), and assault with great bodily injury and use of a deadly weapon (Cal.Penal Code § 245(a)(1)). We affirm.

We review the denial of a petition for writ of habeas corpus de novo. *Turner v. Calderon,* 281 F.3d 851, 864 (9th Cir.2002). Cline must show that the state court's decision was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, a magistrate judge has made factual findings adopted by the district court, we review them for clear error. *See Wildman v. Johnson,* 261 F.3d 832, 836 (9th Cir.2001).

■ Cline complains that he was subjected to an impermissibly suggestive line-up, because he was asked to stand on a 2–to 3–inch crate to even his height with other, taller participants and because he was asked to change positions in the line-up after a break. "Whether an identification procedure is so unnecessarily suggestive as to give rise to a substantial likelihood of mistaken identification depends on the totality of the surrounding circumstances." *United States v. Davenport,* 753 F.2d 1460, 1462 (9th Cir.1985) (citing *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)). Under the circumstances, the techniques employed at Cline's line-up were not impermissibly suggestive.

■ Cline also contends that the prosecution violated his due process rights by eliciting false testimony about his identification at the live line-up. Since he presented no evidence to support such a claim, this challenge fails. *James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Cline argues that he was denied effective assistance of both trial and appellate counsel. To succeed on an ineffective assistance of counsel claim, Cline must show: (1) that his attorney's performance was deficient (i.e., that his counsel's actions were objectively unreasonable); and (2)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that this deficiency resulted in prejudice (i.e., but for his counsel's inadequate performance, there is a reasonable probability that the result would have favored Cline). *Strickland v. Washington,* 466 U.S. 668, 687–91, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The same standard applies to both trial and appellate counsel. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). The record does not support Cline's contentions, however. The performance of neither his trial attorney nor his appellate counsel was deficient.

■ Finally, Cline asserts that the district court erred in denying his *Marsden* motion (under *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (Cal. 1970)) and in allowing the jury to retain two newspaper articles regarding the case at the time the crime was committed. Because Cline's trial counsel was not ineffective, the trial court did not err in denying the *Marsden* motion. The jury was properly allowed to have the two newspaper articles during its deliberations because the articles had been admitted into evidence.

The district court's denial of Cline's habeas petition is AFFIRMED.